## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAYMOND SHELTON,                          :
                                          :
                          Plaintiff,      :
                                          :          CIVIL ACTION
                 v.                       :
                                          :          No. 20-4178
CITY OF PHILADELPHIA, *et al.*,           :
                                          :
                          Defendants.     :

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of
Plaintiff's Motion for a Temporary Restraining Order and Injunctive Relief and Defendants'
Response in Opposition, it is hereby **ORDERED** that Plaintiff's motion is **DENIED**.

By the Court:

_____
J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAYMOND SHELTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | No. 20-4178 |
| CITY OF PHILADELPHIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT LAWRENCE S. KRASNER'S RESPONSE**
**IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY**
**RESTRAINING ORDER AND INJUNCTIVE RELIEF**

On August 21, 2020, Raymond Shelton ("Plaintiff") commenced an action pursuant to 42 U.S.C. § 1983 against, *inter alia*, District Attorney of Philadelphia Lawrence S. Krasner ("DA Krasner"). On May 3, 2021, Plaintiff filed a motion for a temporary restraining order and injunctive relief. Plaintiff fails to sufficiently allege facts in support of his motion. Accordingly, Plaintiff's motion should be denied.

**BACKGROUND**

On April 9, 2019, Plaintiff was arrested and charged with attempted murder, aggravated assault, violations of the Uniform Firearms Act, and other charges. ECF No. 1, Complaint ¶ 9; see Docket No. MC-51-CR-0009412-2019, attached to ECF No. 18 as Exhibit A, at 2. On April 10, 2019, Plaintiff's bail was set at $350,000. ECF No. 1, Complaint ¶ 9; ECF No. 18. A preliminary hearing was held before the Honorable Karen Y. Simmons of the Municipal Court of Philadelphia County on July 8, 2019, following which Plaintiff was held for trial on all charges except possession of a firearm by a person who is ineligible. ECF No. 18, Exhibit A at 2-3. On November 1, 2019, that charge was reinstated "by [a]greement." See Docket No. CP-51-CR-0004790-2019,

attached to ECF No. 18 as Exhibit B, at 6. Plaintiff continues to be held pretrial at the Philadelphia

Industrial Correctional Center ("PICC"). Complaint ¶ 2.

Defendant DA Krasner moved to dismiss Plaintiff's complaint on February 16, 2021; that

motion remains pending. ECF No. 18. On May 3, 2021, Plaintiff filed the instant motion for a

temporary restraining order and injunctive relief, in which he requests to be placed on home

detention until his trial on June 14, 2021, due to COVID-19 risks. ECF No. 19. In support of his

motion, Plaintiff alleges that he tested positive for COVID-19 on April 15, 2021, and was

transferred the next day to the Philadelphia Detention Center along with other individuals who

tested positive. ECF No. 19 at 1. He contends that the Philadelphia Department of Prisons is not

complying with the consent decree issued in Remick v. City of Philadelphia, Civil Action No. 20-

1959 (E.D. Pa.), that required it to institute practices that increased safety for staff and incarcerated

individuals, and that this failure to comply led him and others to contract COVID-19. ECF No. 19

at 2-3. Plaintiff therefore seeks injunctive relief that would allow him to be released to home

confinement until his trial. ECF No. 19 at 4.

## STANDARD OF REVIEW

Injunctive relief, whether in the form of a temporary restraining order or a preliminary

injunction, "is an extraordinary remedy granted in limited circumstances." Issa v. School District

of Lancaster, 847 F.3d 121, 131 (3d Cir. 2017). In order to succeed in such a motion, a plaintiff

must demonstrate that "(A) they are likely to succeed on the merits of their claims, (B) they are

likely to suffer irreparable harm without relief, (C) the balance of harms favors them, and (D) relief

is in the public interest." Id. The plaintiff "bears the burden of showing that these four factors

weigh in favor of granting the injunction," Ferring Pharmaceuticals, Inc. v. Watson

Pharmaceuticals, Inc., 765 F.3d 205, 210 (3d Cir. 2014), and "failure to establish any element in

[his] favor renders a preliminary injunction inappropriate," <u>NutraSweet Co. v. Vit-Mar Enterprises, Inc.</u>, 176 F.3d 151, 153 (3d Cir. 1999). "The first two factors," in particular, "are prerequisites for a movant to prevail." <u>Holland v. Rosen</u>, 895 F.3d 272, 286 (3d Cir. 2018).

## ARGUMENT

**PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF SHOULD BE DENIED WHERE HE CANNOT SHOW HE IS LIKELY TO SUCCEED ON THE MERITS OR TO SUFFER IRREPARABLE INJURY.**

### A.  Plaintiff Has Not Shown a Likelihood of Success on the Merits of His Claims.

To satisfy this requirement, the plaintiff must show a "'reasonable probability' of success" at trial. <u>Issa</u>, 847 F.3d at 131, quoting <u>Punnett v. Carter</u>, 621 F.2d 578, 583 (3d Cir. 1980). Plaintiff essentially contends that he faces a substantial risk of serious harm due to COVID-19 and his underlying medical conditions and that he should therefore be released to home confinement in advance of his trial. As the City Defendants note, Plaintiff is no longer in isolation, has been returned to PICC, and has access to the Moderna and Johnson & Johnson vaccines. ECF No. 21. Both vaccines provide significant protection against COVID-19, particularly in combination with the antibodies Plaintiff has developed by previously contracting COVID-19. ECF No. 21; <u>see also</u> Sharon Reynolds, *Immune Response to Vaccination after COVID-19*, NIH (Apr. 13, 2021), https://www.nih.gov/news-events/nih-research-matters/immune-response-vaccination-after-covid-19 (previously infected individuals have antibody levels comparable to those in uninfected people after their first vaccine dose). This Court, and others in the Third Circuit, have previously found that vaccination "reduces the risk of serious illness from COVID-19 to such a degree that the threat of the pandemic alone cannot present an extraordinary and compelling reason for compassionate release." <u>United States v. Hannigan</u>, 2021 WL 1599707, at *6 (E.D.Pa. April 22, 2021). That determination should also apply in this case. For these reasons, and those described in

DA Krasner's motion to dismiss, the plaintiff has failed to adequately show a likelihood of success on the merits.

>   **B.      Plaintiff Fails to Demonstrate a Likelihood of Suffering Irreparable Harm without Relief.**

For similar reasons, Plaintiff cannot satisfy the second requirement of showing that he is likely to suffer irreparable harm if his motion is denied. The "frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008) (emphasis in original). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. Instead, "[a] plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.'" Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 205 (3d Cir. 1990), quoting ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 225 (3d Cir. 1987). While it is certainly unfortunate that Plaintiff has previously contracted COVID-19, he is now unlikely to contract it again and even less likely to suffer from serious illness if he does contract it, especially if he receives one of the vaccines that is available to him. Thus, because Plaintiff cannot demonstrate a threat of immediate, irreparable harm from his confinement, his motion for injunctive relief should be denied.

## CONCLUSION

For the foregoing reasons, Defendant Lawrence S. Krasner respectfully requests that Plaintiff's motion for a temporary restraining order and injunctive relief be denied.

Respectfully submitted,

 /s/ Zehava Robbins

Zehava Robbins
Assistant District Attorney
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
zehava.robbins@phila.gov
(215) 686-5864

*Counsel for Defendant Lawrence S. Krasner*

Date: May 14, 2021

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAYMOND SHELTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | No. 20-4178 |
| CITY OF PHILADELPHIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 14th day of May, 2021, I caused to be served upon all counsel of record a true and correct copy of the foregoing document via this Court's electronic filing system. I also certify that a copy has been served upon Plaintiff by certified mail at the following address:

Raymond Shelton PPN#710025
PICC
8301 State Rd.
Philadelphia, PA 19136

*/s/ Zehava Robbins*

Zehava Robbins
Assistant District Attorney
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
zehava.robbins@phila.gov
(215) 686-5864